UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN KYLE CULP,

    Petitioner,

v.                                       Case No. 1:23-cv-302-AW/MJF

STATE OF FLORIDA,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Because Petitioner failed to comply with two court orders, failed to pay the filing fee, and failed to prosecute this action, the District Court should dismiss this action without prejudice.

**I. BACKGROUND**

On December 21, 2023, Petitioner, a pre-trial detainee confined at Alachua County Jail, commenced this action by filing a handwritten "Writ of Prohibition." Doc. 1. Petitioner alleged that the state had "clearly violated petitioner's right to a speedy trial" and Petitioner's counsel was ineffective. Petitioner requested that the district court order the state trial court to "cease all . . . court proceedings" and "discharge" all criminal prosecutions against Petitioner. The undersigned, therefore,

construed Petitioner's filing as a petition for writ of habeas corpus. Doc. 3.

Because Petitioner failed to utilize the court-approved form and failed to pay the filing fee, the undersigned ordered Petitioner to submit an amended habeas petition on the court-approved form accompanied by payment of the $5.00 filing fee or a properly completed motion for leave to proceed *in forma pauperis*. *Id.* at 2–3.[1] The undersigned advised Petitioner that a properly completed application for leave to proceed *in forma pauperis* includes (1) a motion with supporting affidavit on the court-approved forms, (2) a prisoner consent form and a financial certificate, and (3) a printout of the transactions in Petitioner's inmate trust account for the six-month period immediately preceding the filing of his petition. The undersigned imposed a compliance deadline of April 8, 2024. *Id.* Petitioner did not comply with that order.

On April 22, 2024, the undersigned ordered Petitioner to explain and show cause for his failure to comply with the undersigned's order of

---

[1] To ensure Petitioner utilized the court-approved forms, the undersigned directed the clerk of the court to send to Petitioner (1) the court-approved section 2241 Habeas Corpus Petition form and (2) a form application for leave to proceed *in forma pauperis*. *Id.* at 3.

March 7, 2024. Doc. 4. The undersigned imposed a compliance deadline of May 6, 2024. Petitioner has not complied with that order.

On May 3, 2023, Petitioner filed a motion for leave to proceed *in forma pauperis*. Doc. 5. The undersigned denied Petitioner's motion because Petitioner failed to attach a certified copy of the transactions in his inmate trust account for the six-month period immediately preceding the filing of his complaint. Doc. 6.

As of the date of this report and recommendation, Petitioner has not submitted an amended habeas petition on the court-approved form. Petitioner also has not paid the filing fee or filed a properly completed motion for leave to proceed *in forma pauperis*. Furthermore, Petitioner has not shown cause for his failures.

## II. Discussion

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1. A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a district court may

dismiss a civil action where a petitioner fails to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002). Petitioner has not complied with two court orders, has not diligently prosecuted this action, and has not paid the filing fee. Furthermore, Petitioner has not shown good cause for these failures. Accordingly, dismissal of this civil action is appropriate.

### III. CONCLUSION

Because Petitioner failed to comply with court orders, has failed to prosecute this action, and has failed to pay the filing fee, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 20th day of May, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** ***See*** **N.D. Fla. Loc. R. 72.2;** ***see also*** **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be**

**filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**